## Isaac L. Orr, *Guardian of* Eugene O. Smith, *versus* Oliver Moses, *Adm'r, with will annexed.*

A testator bequeathed to his mother $350, to be paid quarterly, during her natural life, and after her decease, the same sum to his two sisters, (naming them,) and the survivor of them, to be equally divided, payable quarterly. The will then provided, "I give, bequeath and devise all the residue of my estate, real or personal, of which I shall die seized," &c., "to my beloved wife" (naming her) "and my dear son" (naming him), "It being understood that the *estate is subject to the payment of the annual sum of* $350," &c. "And it is my wish that my executrix *retain in her hands and properly invest a sum sufficient to pay* the annuities to my mother and sisters, and, at their decease, to pay *the sum so retained and invested* to my wife and son." The will, in the sixth and last article, appointed the wife executrix and then continued: "wishing and *directing her to invest a sufficient sum to produce annually* the sum of $350," to be paid as hereinbefore directed. *Held:—*

1. That the sum to be "retained and properly invested" was limited to the amount required for the purchase of the annuity, and after such investment, the residuary legatees were entitled to the balance;

2. That the administrator could not invest and hold invested a surplus above the amount now sufficient, and, in the exercise of ordinary care and prudence, likely to remain sufficient to produce the annuity, commissions and contingent expenses, to guard against contingent losses and possible depreciations of securities; but when a "sum sufficient" to meet the requirements is invested,—a just regard being had to the future as well as

the present in determining the nature and kind of investment to be made, — the annuitants must abide the fate of the investment; and

3. That by the provision " that the estate is subject to the payment of the annual sum of $350," the testator intended that the estate should be subject to the investment of a " sum sufficient" to be expended in the purchase of the annuity.

Where there is a conflict in the different provisions of a will, the last expression of the testator's intention shall govern.

ON REPORT.

ASSUMPSIT. The case came before this Court under § 18, c. 77, of the R. S.

John P. Smith died testate, leaving a wife, son, mother and two sisters.

The widow declined the appointment of executrix, and defendant was appointed administrator with the will annexed. The widow waived the provisions made for her in the will, and received her legal benefits under the statute.

Since administration was commenced the mother of the testator has died.

The administrator settled his final account of administration, showing a balance of personal assets against himself of $10,441,35. Of this sum he invested $2000 in U. S. bonds, payable in 1881, with interest semi-annually, the interest subject to a tax of three per cent. ; and $4000 in city of Bath bonds, payable in 1890, with interest semi-annually, which interest is also subject to the same tax.

The administrator claimed the right to invest and hold invested a surplus above the amount now sufficient to produce the annuity to the sisters, commissions and contingent expenses, to guard against contingent losses or depreciation of the securities held by him.

The plaintiff, as guardian of the minor heir and devisee, claimed that the administrator, under the will and by its authority, has power to invest only so much as will produce the annuity with the necessary expenses and commissions, and brought this action to recover the residue.

The parties agreed that the Court might decide as to the duty of the administrator, and all rights of the parties in-

volved in the case, give all needful and proper directions, or otherwise dispose of the case as law and justice might require.

The material provisions of the will appear in the opinion of the Court.

*Gilbert,* for the plaintiff.

*Tallman & Larrabee,* for the defendant.

The opinion of the Court was drawn by

APPLETON, C. J. — We are called upon to give a construction to the following clauses found in the will of John P. Smith.

"Second. I give and bequeath to my honored mother, Charlotte G. Brown, the sum of three hundred and fifty dollars, to be paid out of my estate in quarterly payments, during her natural life — after the decease of my mother aforesaid, I give and bequeath to my sisters Cynthia G. Smith and Frances B. Smith, and the survivor of them, the sum of three hundred and fifty dollars annually, to be equally divided between them during their joint lives; which sum I direct my executrix to pay to my sisters Cynthia and Frances, in quarterly payments, during their lives and the life of the survivor of them. If either of my sisters die, the *annuity* to be paid in full to the survivor during her natural life.

" Fourth. I give and bequeath, and devise *all the residue of my estate, whether real or personal,* of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, to my beloved wife, Emily O. Smith and my dear son, Eugene O. Smith, in such shares to each as the laws of the State prescribe for the descent of real and personal estate.   It being understood that *the estate is subject to the payment of the annual sum of three hundred and fifty dollars* to my mother and sisters, as herein before in the second article of this, my last will and testament, set forth ; and it is my wish that my executrix *retain in her hands and*

*properly invest a sum sufficient to pay* the annuities to my mother and sisters, and, *at their decease, to pay the sum so retained and invested to my wife and son,* and their heirs, in shares as herein before described.

"Sixth. I hereby constitute and appoint my beloved wife, Emily O. Smith, my sole executrix of this my last' will and testament, wishing and *directing her to invest a sufficient sum to produce annually* the sum of three hundred and fifty dollars, which sum I wish paid to my mother in quarterly payments, so long as she shall live, and, after her decease, the like sum, in the same manner, annually, to my sisters Cynthia and Frances, during their joint lives, and the life of the survivor of them, as herein before set forth in article second of this my last will and testament."

The question presented is whether the executrix, by the provisions of the will, is required to retain the whole estate as security for the annuity given to the mother, and, after her death, to the sisters during their joint lives, and the life of the survivor, or "to invest a sufficient sum to produce annually" the amount of the annuity, and, after such investment, to pay over the balance remaining in her hands to the residuary legatees.

The testator cannot be deemed indifferent to the welfare and maintenance of his wife and child — neither is it to be presumed that he would postpone their interests to those of his mother and sisters, so far that they could derive no benefit from the estate until after the decease of the annuitants. If no payments are to be made of "the residue," after investing a sum sufficient to produce the required annuity, until after the expiration of three lives, the wife may never receive anything, and the minor child nothing, until after he has arrived at middle age.

It is manifestly not the meaning of the testator that the whole estate shall remain as security for the annuity, as the counsel for the defendant contends. The intentions of the testator must be gathered from the whole will. In the very clause in which the bequest of the annuity is made, the ex-

ecutrix was directed "to *retain in her own hands and properly invest a sum sufficient* to pay the annuities," &c., to " the mother and sisters." The whole estate was not to be so invested, but only a limited and defined portion thereof. It is not required that more should be invested than is sufficient to produce the required annuity. " *The* sum *so* retained and invested," was to be paid, after the decease of the mother and sisters, to the wife and son of the testator, or to their heirs. The sum to be invested is limited to the amount required for the purchase of the specified annuity.

The second clause in the will provides for the annuity. By the fourth "all the residue" of the estate, whether real or personal, was bequeathed to the wife and child of the testator. But this residue is manifestly distinct from "the sufficient sum" to be retained and invested in the purchase of the annuity. It is the residue after such retention and investment. If the whole estate was to be retained and invested to secure the annuity, there could be no residue. Indeed, the very term residue primarily implies the sum remaining after "a sufficient sum" has been "retained and invested" "to produce annually the sum of three hundred and fifty dollars."

The amount to be retained and invested is as fully specified as though it had been stated in dollars and cents. It is an amount ascertainable, and no more. That " sufficient sum" properly invested, the residue belongs to the residuary legatees.

Nor is this construction inconsistent with the clause in the will, "that the estate is subject to the payment of the annual sum of three hundred and fifty dollars." The testator deeming his estate ample, intended first to make a limited provision for the support of his mother and sisters ; and that the estate should be subject to the investment of a "sufficient sum" to be expended in the purchase of the annuity bequeathed ; and when the executrix shall have done this, she will have accomplished the designs and satisfied the intention of the testator.

If there were any doubt upon the subject, the rule is well

settled where there is a conflict in the different provisions of a will, the last expression of the testator's intention shall govern, and by that the executrix is directed "to invest a sufficient sum to produce annually three hundred and fifty dollars," and no authority is given to invest any other or different sum.

The claim of the administrator to invest and hold invested a surplus above the amount now sufficient, and in the exercise of ordinary care and prudence likely to remain sufficient, to produce the annuity to the mother and sister or sisters surviving, and commissions and contingent expenses, to guard against contingent losses and possible depreciations of the securities in which the investment may be made, is entirely untenable. The will makes no provision for any such purpose. Who can foreknow contingent losses? Who can estimate possible depreciations? Who can determine the "sufficient sum" to meet these unforeseen possibilities? The executrix, by the will, is to invest a "sum sufficient" to meet its requirements — a just regard being had to the future as well as the present in determining the nature and kind of investment to be made; and that done, the annuitants must abide the fate of the investment.

The amount invested should be enough to enable the administrator to pay the *full* annuity to the annuitants, and without charge to them.

Indeed, we think no satisfactory answer has been or can be given to the clear and conclusive argument of the learned counsel for the plaintiff. The result is, that by the agreement of the parties, the plaintiff is entitled to recover.

We presume the investment already made will be deemed satisfactory to all parties — both in respect to the sum invested and its safety. If so, the plaintiff is to have judgment for the balance remaining in the defendant's hands, and interest thereon from the date of the demand. If not, the parties may be heard before the Judge at *Nisi Prius,* as to the amount of damages.        *Defendant defaulted.*

CUTTING, DAVIS, WALTON and BARROWS, JJ., concurred.